IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

────────────────────────────────

JAMES SMITH,

                    Petitioner,

                                        Civil Action No.
        v.                              9:04-CV-1026 (TJM/DEP)

GARY FILION,

                    Respondent.

────────────────────────────────

APPEARANCES:                    OF COUNSEL:

FOR PETITIONER:

BRYAN LAW FIRM                  BRUCE R. BRYAN, ESQ.
333 East Onondaga Street
Suite 600
Syracuse, NY 13202

FOR RESPONDENT:

HON. ELIOT SPITZER              ROBIN A. FORSHAW, ESQ.
Attorney General of the         Assistant Attorney General
State of New York
120 Broadway
New York, NY 10271

DAVID E. PEEBLES
MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

        Petitioner James E. Smith, a New York State prison inmate as a

result of a weapon possession conviction, has commenced this proceeding pursuant to 28 U.S.C. § 2254 seeking this court's review of his conviction.  In his petition, Smith asserts that his conviction was the product of a constitutionally deficient guilty plea which he should have been permitted to withdraw.

Many, though not all, of the arguments now raised by the petitioner in support of his claim that his constitutional rights were violated through acceptance of his plea were previously raised by Smith in the state courts, and rejected.  Mindful of the limitations on this court's exercise of habeas jurisdiction, bottomed in large part upon notions of comity, I have construed Smith's petition as challenging the voluntariness of his guilty plea, and addressed those claims, but have not considered the other claim, involving attacks on the effectiveness of his trial counsel, which respondent reads into the petition, particularly since that claim remains unexhausted but procedurally barred.  Considered in this light, and applying the requisite deferential standard to the state courts' determination of petitioner's constitutional claim, I find no basis for the granting of habeas relief, and thus recommend that Smith's petition be denied.

I.   BACKGROUND

The events giving rise to petitioner's conviction occurred on August 17, 2002 and involved the firing of several gunshots, one of which struck another individual in the leg.  As a result of the incident, petitioner was indicted by an Onondaga County grand jury and charged with two counts, including criminal possession of a weapon in the second and third degrees.  Forshaw Decl. (Dkt. No. 10) Exh. G, at 1.

Accompanied by his retained attorney, Gaetano L. Colozzi, Esq., and his father, petitioner appeared in Onondaga County Court before the Hon. William D. Walsh on October 30, 2002 for arraignment on the indictment.  On that date, following a conference at the bench, petitioner proceeded to enter a plea of guilty to a single count of criminal possession of a weapon in the second degree, with the understanding that the District Attorney would recommend the imposition of a determinate sentence of four and one-half years, to be followed by three years of post-release supervision.  *Id.*, at 3-4.  That plea was specifically to be considered as fully satisfying not only both counts of the pending indictment, but additionally potential charges against Smith relating to a second shooting which occurred approximately two weeks before the August 17, 2002

3

incident.

Prior to his acceptance of petitioner's plea, County Court Judge Walsh engaged in a dialogue with Smith calculated to probe his understanding of the charges and the consequences associated with his plea. Questions were posed by the trial court to the petitioner, who had been placed under oath, regarding his familiarity with English, to which Smith responded to the effect that he had no difficulties in understanding the language. Forshaw Decl. (Dkt. No. 10) Exh. G, at 6. In response to further court inquiries, petitioner denied suffering from any physical or mental difficulties or having consumed drugs or alcohol which would impair his ability to understand the proceedings. *Id.* Petitioner also admitted that he was pleading guilty freely and voluntarily and had not been threatened or coerced in order to induce him to enter a plea, nor had any promises been made, other than those stated by the court on the record, to induce him to take such action. *Id.*

After explaining the rights which petitioner was relinquishing by pleading guilty, County Court Judge Walsh asked him whether he had discussed the case with his counsel and family. *Id.*, at 8. In response, Smith specifically stated that he had, and that he was "satisfied" with his

4

counsel's services.  *Id.*  Judge Walsh went on to state the potential penalties associated with the charge to which he was pleading guilty, and to explain the legal effects of his contemplated waiver of the right to appeal his conviction.  *Id.*, at 8-10.

Turning to the specifics of the events giving rise to the indictment and petitioner's plea, the trial court elicited from the petitioner an admission that "on or about August 17th, 2002, City of Syracuse in this County, [he] possessed a loaded firearm, a handgun, intending to use the same unlawfully against [the victim.]"  *Id.* Forshaw Decl. (Dkt. No. 10) Exh. G, at 10.  At the conclusion of the plea allocution petitioner formally entered, and the court accepted, a plea to the charge of criminal possession of a weapon in the second degree.  *Id.*, at 10-11.

On January 6, 2003, the date set by Judge Walsh for sentencing, petitioner appeared in court with new counsel, Paul Carey, Esq.[1]  At that time petitioner, through his new attorney, sought leave pursuant to N.Y. Criminal Procedure Law § 220.60(3) to withdraw his guilty plea.  Forshaw Decl. (Dkt. No. 10) Exh. G, at 14-22.  Petitioner's motion was premised in

---

[1]     Following the entry of his guilty plea, petitioner was permitted by the court to remain free pending sentencing.

5

large part upon the claim that he suffered from psychological impairments, and as such had not intelligently and voluntarily entered his plea.  That motion was also critical of his former counsel and advice received from that attorney, stating that Smith had admitted his guilt in open court "**only** because Mr. Collozzi convinced [him] that [he] had not [sic] alternative." *Id.*, at 20 (emphasis in original)*.*

In a bench decision rendered on January 22, 2003, Judge Walsh denied petitioner's motion to withdraw his guilty plea.  Forshaw Decl. (Dkt. No. 10) Exh. B, at 26-29.  In making that ruling Judge Walsh stated that based upon his review of the colloquy associated with acceptance of the plea – described by him as "comprehensive" – he was satisfied that the petitioner fully understood the proceedings and that as such his plea was knowingly, voluntarily and intelligently entered.  *Id.*, at 28-29.  The court then proceeded to pronounce the promised sentence, consisting principally of a determinate term of four and one-half years of imprisonment, to be followed by three years of post-release supervision. *Id.*, at 31.

II.    PROCEDURAL HISTORY

     A.    Post-Conviction State Court Proceedings

6

By order to show cause issued by the trial court on May 22, 2003, petitioner sought an order pursuant to N.Y. Criminal Procedure Law § 440.10 vacating his judgment of conviction.  Forshaw Decl. (Dkt. No. 10) Exh. A.  That application, which was opposed, was denied by decision issued by County Court Judge Walsh on June 4, 2003 as premature in light of the fact that petitioner had not yet perfected and pursued to conclusion the direct appeal taken from his judgment of conviction.  *Id.* Exh. B.  Petitioner's request for leave to appeal that determination to the state's appellate court system was subsequently denied.  *See id.* Exhs. C-E.

Petitioner appealed his conviction to the New York State Supreme Court Appellate Division, Fourth Department.  In that appeal, petitioner framed the issue to be presented as "[w]hether the plea was voluntarily, knowingly and intelligently made[.]"  Forshaw Decl. (Dkt. No. 10) Exh. F, at 1.  Petitioner's arguments to the appeals court regarding the voluntariness of his plea principally surrounded his documented history of learning disabilities and the actions of his counsel in convincing him to enter the plea.  *Id.*, at 2-4.  No mention was made in petitioner's brief to the Fourth Department of his trial counsel's alleged failure to conduct an

7

investigation, to file motions, or to request exculpatory evidence from the
prosecution.  Petitioner's arguments were ultimately rejected by the
Appellate Division which, in a memorandum-decision issued on March 19,
2004, unanimously affirmed petitioner's conviction.  *People v. Smith*, 5
A.D.3d 1095, 773 N.Y.S.2d 718 (4th Dept. 2004).  Petitioner's request for
leave to appeal that determination to the New York State Court of Appeals
was denied on May 28, 2004.  *People v. Smith*, 2 N.Y.3d 807, 814 N.E.2d
478, 781 N.Y.S.2d 306 (2004) (Table).

> ### B.   Proceedings in this Court

Petitioner commenced this proceeding on August 31, 2004.  Dkt.
Nos. 1, 2.  Appropriately named as a respondent in Smith's petition was
the Superintendent of the Coxsackie Correctional Facility, the prison in
which he was apparently incarcerated at the time of filing.  Smith's petition
asserts a single ground for the granting of habeas relief, focusing upon
the entry of his guilty plea and the trial court's failure to permit its
withdrawal.[2]

On December 15, 2004 the Office of the New York State Attorney

---

[2]     Smith's petition describes the ground upon which his request for relief is
premised as "[w]hether the [guilty] plea was voluntarily, knowingly and intelligently
made."  *See* Petition (Dkt. No. 1) ¶ 13.

General, acting on behalf of the named respondent, filed a comprehensive response to Smith's petition including, *inter alia*, a declaration containing the relevant state court records and a legal memorandum in opposition to the petition.  Dkt. No. 10.

This matter, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York  Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

   A.   Standard of Review

Enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), brought about significant new limitations on the power of a federal court to grant habeas relief to a state court prisoner under 28 U.S.C. § 2254.  Under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001) (quoting § 2254(e)(1)) (internal quotes omitted).

Significantly, a federal court may not grant habeas relief to a state

prisoner on a claim

> that was adjudicated on the merits in State court
> proceedings unless the adjudication of the claim -
>
> 1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the
> Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242-43

(2d Cir. 2006); *Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir.), *cert. denied*, 534

U.S. 886, 122 S. Ct. 197 (2001); *Boyette*, 246 F.3d at 88.  When applying

this test, the Second Circuit has noted that

> [u]nder AEDPA, we ask three questions to
> determine whether a federal court may grant
> habeas relief: (1) Was the principle of Supreme
> Court case law relied upon in the habeas petition
> "clearly established" when the state court ruled?
> (2) If so, was the state court's decision "contrary to"
> that established Supreme Court precedent? (3) If
> not, did the state court's decision constitute an
> "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v.*

*Taylor*, 529 U.S. 362, 1120 S. Ct. 1495 (2000) and *Francis S. v. Stone,*

10

221 F.3d 100, 108-09 (2d Cir. 2000)).

Because the AEDPA's restriction on federal habeas power was premised in no small part upon the duty of state courts to uphold the Constitution and faithfully apply federal laws, the AEDPA's exacting review standards apply only to federal claims which have been actually adjudicated on the merits in the state court. *Washington v. Schriver*, 255 F.3d 45, 53-54 (2d Cir. 2001). Offering welcomed guidance on how to determine whether this condition has been met, the Second Circuit explained in *Sellan v. Kuhlman* that "[f]or the purposes of AEDPA deference, a state court 'adjudicate[s]' a state prisoner's federal claim on the merits when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment."[3,4] 261 F.3d 303, 312 (2001).

---

[3]      In the past, when wrestling with interpretation and application of the AEDPA's deference standard the Second Circuit had suggested, although leaving open the question, that deference under section 2254(d) is not mandated if a state court decides a case without citing to federal law or otherwise making reference to a federal constitutional claim in a manner adequate to justify deference under AEDPA, in which case pre-AEDPA standards would apply. *Washington*, 255 F.3d at 53-55; *see also Noble*, 246 F.3d at 98. That court clarified in *Sellan*, however, that the question of whether or not a state court makes specific reference to a constitutional principle or applicable Supreme Court precedent is not controlling. 261 F.3d at 312; *see Hawkins*, 460 F.3d at 243.

[4]      In his opinion in *Sellan*, Chief Judge Walker acknowledged that enlightenment in state court decisions as to the manner of disposition of federal claims presented would greatly enhance a federal court's ability, on petition for habeas

When a state court's decision is found to be decided "on the merits",

that decision is "contrary to" established Supreme Court precedent if it

applies a rule that contradicts Supreme Court precedent, or decides a

case differently than the Supreme Court on a set of materially

indistinguishable facts.  *Williams*, 529 U.S. at 405-06, 120 S. Ct. at 1519-

20; *Hawkins*, 460 F.3d at 242.  When determining whether a state court

determination represents an unreasonable application of controlling

precedent, a court must apply an objective standard, bearing in mind that

"[a]n incorrect decision is not necessarily unreasonable."  *Hawkins*, 460

F.3d at 243; *see also Sellan*, 261 F.3d at 315 (citing *Williams*, 529 U.S. at

409, 120 S. Ct. at 1521 (O'Connor, J.)).  The Second Circuit has noted

that this inquiry admits of "[s]ome increment of incorrectness beyond

error", though "the increment need not be great[.]"  *Francis S.*, 221 F.3d at

111.

     B.   <u>Petitioner's Guilty Plea and the Trial Court's Refusal to Permit
Its Withdrawal</u>

---

review, to apply the AEDPA deference standard. *Sellan*, 261 F.3d at 312. He noted,
however, that a state court's failure to provide such useful guidance does not obviate a
federal court's duty to make the analysis and pay appropriate deference if the federal
claim was adjudicated on the merits, albeit tacitly so. *Id.*

Central to petitioner's quest for habeas intervention is the claim that his guilty plea, although accepted by the trial court, was neither knowing nor voluntarily entered.  As an ancillary matter, petitioner argues that the trial court erred in refusing to permit withdrawal of the deficient guilty plea based upon the motion filed on his behalf prior to the time of sentencing.

_____In its memorandum-decision, the Fourth Department concluded that petitioner's guilty plea was knowing and voluntary, and was entered upon the advice of counsel regarding the relevant factors.  *People v. Smith*, 5 A.D.3d at 1095-96, 773 N.Y.S.2d at 718.  In making that finding the court explained that it had thoroughly reviewed the transcript of petitioner's plea colloquy, noting that

> [t]he record establishes that defendant's plea colloquy was thorough, and defendant had numerous opportunities to object to the proceedings or otherwise to express confusion or doubt and failed to do so.  Defendant indicated that he had no physical or mental problems that would prevent him from understanding the proceedings, that he was not threatened or forced into entering his guilty plea and that he was satisfied with the representation provided by his attorney.

*Id.* at 1095, 773 N.Y.S.2d at 718.  The court went on to observe that "[d]uring the plea colloquy [petitioner] admitted without equivocation that

13

on the date in question he possessed a loaded handgun that he intended

to use unlawfully against a specific person[.]"  *Id.* at 1095-96, 773

N.Y.S.2d at 718.  The state court's finding that his plea was knowingly and

voluntarily entered represents an adjudication of petitioner's federal claim

on the merits, and is thus entitled to AEDPA deference.[5]

> 1.     Clearly Established Supreme Court Precedent

The standard governing the acceptance of guilty pleas is neither

recently evolved, nor controversial.  "The longstanding test for determining

the validity of a guilty plea is 'whether the plea represents a voluntary and

intelligent choice among the alternative courses of action open to the

defendant.'"  *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985)

(quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164

(1970)); *see also Parke v. Raley*, 506 U.S. 20, 28-29, 113 S.Ct. 517, 523

(1992) (plea is valid when it is both knowingly and voluntarily made);

*Boykin v. Alabama*, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12 (1969)

---

[5]     In its decision, the Fourth Department did not specifically cite or allude to controlling federal authority regarding the constitutional sufficiency of petitioner's guilty plea.  The fact that a state court decision does not reference controlling federal law, however, does not necessarily preclude a finding that AEDPA deference is required. *Hawkins v. Costello*, *460* F.3d at 243; *see also Sellan*, 261 F.3d at 312.

(United States Constitution requires that guilty plea be intelligently and voluntarily entered).  A knowing plea is entered "'with understanding of the nature of the charge and the consequences of the plea.'" *Santobello v. New York*, 404 U.S. 257, 261 n.1, 92 S. Ct. 495, 498 n.1 (1971) (quoting Fed. R. Crim. P. 11); *see Martinez v. Costello*, No. 03 CIV 2763, 2004 WL 26306, at *5 (S.D.N.Y. Jan. 5, 2004) (citing *Santobello* and Rule 11); *see also Hanson v. Phillips*, 442 F.3d 789, 798 (2d Cir. 2006).

Applying this standard, to establish that a criminal defendant's guilty plea was knowingly, intelligently and voluntarily entered the court must find, based upon the record of the relevant plea proceedings, that he or she 1) was competent to proceed, and was fully aware of the nature of the charges faced; 2) had a rational and factual understanding of the proceedings; and 3) was cognizant of the constitutional protections relinquished upon entry of the plea.  *Oyague v. Artuz*, 393 F.3d 99, 106 (2d Cir. 2004); *Matusiak v. Kelly*, 786 F.2d 536, 543 (2d Cir. 1986).  While "the question of whether a plea of guilty has been entered voluntarily within the meaning of the Constitution is often a complex one that involves mixed questions of law and fact[,]" the ultimate issue of whether a plea represents an effective waiver of federal Constitutional rights is controlled

by federal law.  *Oyague*, 393 F.3d at 104.

>           2.      Contrary to, or Unreasonable Application of, Clearly
>                   Established Supreme Court Precedent

The evidence in this case, when judged against this standard, is fully

supportive of the Fourth Department's finding that petitioner's guilty plea

was knowing, voluntary, and intelligent.  In its decision affirming

petitioner's conviction, the Fourth Department did not make specific

reference to any Supreme Court or other federal decision addressing the

legal sufficiency of guilty pleas.  Indeed, the court did not even cite any

New York cases which, in turn, have applied the teachings of Supreme

Court precedent regarding the voluntariness of guilty pleas.  *Contrast*

*Hanson*, 442 F.3d at 798 & n.1 (finding that the appellate court correctly

identified *People v. Harris*, 61 N.Y.2d 9, 471 N.Y.S.2d 61 (1983), a case

from the New York State Court of Appeals applying *Boykin* and other

relevant Supreme Court precedent, as the controlling authority).  This fact,

however, does not mean that the appellate court was wholly unmindful of

federal jurisprudence surrounding acceptance of guilty pleas, and indeed

the analysis applied by the court reflects its acute awareness of such

principles.  In any event, under the circumstances presented, I find no

reason to conclude that the Fourth Department's decision is contrary to clearly established Supreme Court precedent, and thus will focus upon whether it represents an unreasonable application of such case law.

A review of the plea allocution in this matter reflects that the trial court made a thorough inquiry to determine whether petitioner's plea of guilty was voluntary and intelligent.  The court established that no threats or promises had been made to induce Smith's plea, other than with regard to sentencing and the plea being in full satisfaction of pending and additional, potential charges, and that he was apprised of and understood the rights which he was relinquishing by pleading guilty.  Judge Walsh also established that petitioner had discussed the matter with both his counsel and his family, and that he was satisfied with his attorney's services.  Lastly, the trial court ascertained that petitioner did in fact commit the acts alleged in the count to which he was pleading guilty. Under these circumstances, the Appellate Division's endorsement of the acceptance of the plea and the finding that it was "voluntarily made with the advice of counsel following an appraisal of all the relevant factors", *Smith*, 5 A.D.3d at 1096, 773 N.Y.S.2d at 718 (internal quotation marks and citations omitted), did not represent an unreasonable application of

17

clearly established Supreme Court precedent.

    C.    <u>Withdrawal of Plea</u>

In addition to arguing that his guilty plea was improperly accepted by the trial court, petitioner now additionally contends that he should have been permitted to withdraw that guilty plea on his subsequent motion made prior to the time of sentencing.  Resting its conclusion on the finding that the guilty plea had been entered knowingly and voluntarily, and with the advice of counsel, the Fourth Department rejected this contention finding that the trial court's refusal to permit withdrawal of the guilty plea did not constitute an abuse of discretion.  *Smith*, 5 A.D.3d at 1095, 773 N.Y.S.2d at 718.  This argument must therefore similarly be analyzed applying the deferential AEDPA standard.

    1.    <u>Clearly Established Supreme Court Precedent</u>

A defendant who has knowingly and voluntarily entered a guilty plea, with the effective assistance of counsel and understanding the important panoply of constitutional rights relinquished as a result of the plea, has no constitutional right to withdraw that plea.  *United States v. Williams*, 23 F.3d 629, 634-35 (2d Cir.), *cert. denied*, 513 U.S. 1045, 115 S. Ct. 641 (1994); *see also Heron v. People of the State of New York*, No. 98 Civ.

7941, 1999 WL 1125059, at *5-*6 (S.D.N.Y. Dec. 8, 1999).  As an adjunct

to this principle, a criminal defendant seeking permission to withdraw his

or her plea is not, as a matter of federal law, entitled to an evidentiary

hearing with respect to such a motion.  *Hines v. Miller*, 318 F.3d 157, 162

(2d Cir. 2003) ("the failure to hold an evidentiary hearing on a motion to

withdraw a plea does not offend a deeply rooted or 'fundamental' principle

of justice"), *cert. denied*, 583 U.S. 1040, 123 S. Ct. 2089 (2003); *United

States v. Torres*, 129 F.3d 710, 716 (2d Cir. 1997); *Heron*, 1999 WL

1125059, at *6 (S.D.N.Y. Dec. 8, 1999); *Martinez*, 2004 WL 26306, at *7

(citing *Hines*).

### 2.   Contrary to, or Unreasonable Application of, Clearly Established Supreme Court Precedent

Since the federal Constitution does not guaranty the right of a

criminal defendant to withdraw a guilty plea which has been knowingly and

voluntarily entered, nor is a hearing constitutionally mandated when such

an application is made, the Appellate Division's decision upholding the

trial court's refusal to permit withdrawal of the guilty plea, by definition, is

neither contrary to nor an unreasonable application of clearly established

Supreme Court precedent.

19

D.    Ineffective Assistance of Counsel

Under the guise of pursuing his exhausted claim, addressing the

entry of his guilty plea, petitioner now challenges the effectiveness of his

trial counsel.  In support of that challenge, Smith argues that his attorney's

performance was constitutionally deficient in several regards, including by

virtue of his failure to properly investigate the changes against him, to file

pretrial motions, and to request *Brady* material before counseling his client

to enter the plea of guilty.[6]  Petitioner's Memorandum (Dkt. No. 2) at 9-11.

As respondent notes, however, and a careful review of petitioner's brief on

appeal confirms, this claim has not been presented to the state courts,

either in context of his direct appeal or in a collateral challenge of his

conviction.  As a threshold matter, the court must therefore determine the

legal consequences, if any, associated with this failure.

1.    Exhaustion of Remedies

Prior to seeking federal habeas relief, a petitioner must exhaust

available state remedies, or establish either an absence of available state

remedies or that such remedies cannot adequately protect his or her

---

[6]      *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

rights.  *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28

U.S.C. § 2254(b)(1)); *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994),

*cert. denied*, 515 U.S. 1118, 115 S.Ct. 2269 (1995). The exhaustion

doctrine recognizes "respect for our dual judicial system and concern for

harmonious relations between the two adjudicatory institutions."  *Daye v.*

*Attorney General of New York*, 696 F.2d 186, 191 (2d Cir. 1982).  "Comity

concerns lie at the core of the exhaustion requirement."  *Galdamez v.*

*Keane*, 394 F.3d 68, 72 (2d Cir. 2005).  Though both federal and state

courts are charged with securing a state criminal defendant's federal

rights, the state courts must initially be given the opportunity to consider

and correct any violations of federal law.  *Id.*  "The chief purposes of the

exhaustion doctrine would be frustrated if the federal habeas court were to

rule on a claim whose fundamental legal basis was substantially different

from that asserted in state court."  *Daye*, 696 F.2d at 192 (footnote

omitted).

     This exhaustion requirement is satisfied if a federal claim has been

"'fairly presented'" to the state courts. *See Dorsey v. Kelly*, 112 F.3d 50,

52 (2d Cir. 1997) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct.

509, 512 (1971)).  A claim has been "fairly presented" if the state courts

are apprised of "both the factual and the legal premises of the claim [the

petitioner] asserts in federal court."  *Daye*, 696 F.2d at 191. Thus, "the

nature or presentation of the claim must have been likely to alert the court

to the claim's federal nature."  *Daye*, 696 F.2d at 192.

In this instance petitioner's ineffectiveness of counsel claim was not

raised in either his appeal or in support of the rejected, section 440.10

application.  That claim thus remains unexhausted.

When a claim has never been presented to a state court, a federal

court may find that there is an absence of available state corrective

process under § 2254(b) "if it is clear that the unexhausted claim is

procedurally barred by state law and, as such, its presentation in the state

forum would be futile."  *Aparicio*, 269 F.3d at 90 (citing *Reyes v. Keane*,

118 F.3d 136, 139 (2d Cir. 1997)); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d

Cir. 2000) (federal court may address merits of a habeas petition

containing unexhausted claims where there is no further state proceeding

for petitioner to pursue or where further pursuit would be futile), *cert.*

*denied*, 532 U.S. 943, 121 S. Ct. 1404 (2001).  As such, I must determine

whether it would be futile for Smith to present the newly-asserted theory regarding the effectiveness of his lawyer's assistance to the state courts.

Smith cannot now file an appeal with the Fourth Department in order to advance his claim challenging his attorney's representation since a defendant is "entitled to one (and only one) appeal to the Appellate Division." *See Aparicio*, 269 F.3d at 91. Moreover, since "New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal," *id.* (citing CPL § 440.10(2)(c)), petitioner could not now properly raise this claim, which is based upon the record, in a second Article 440 motion. *Aparicio*, 269 F.3d at 91; *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994), *cert. denied*, 514 U.S. 1054, 115 S.Ct. 1436 (1995). This claim is therefore "deemed exhausted" for purposes of Smith's habeas application. *Spence v. Superintendent, Great Meadow Corr. Fac.*, 219 F.3d 162, 170 (2d Cir. 2000); *Senor v. Greiner*, No. 00-CV-5673, 2002 WL 31102612, at *10 (E.D.N.Y. Sept. 18, 2002).

Although Smith's effective assistance of counsel is "deemed exhausted," it is also procedurally defaulted. *See Aparicio*, 269 F.3d at

90.  Accordingly, a federal court may not engage in habeas review of the

claim unless the petitioner demonstrates either 1) both good cause for

and actual prejudice resulting from his procedural default, or 2) that the

denial of habeas relief would leave unremedied a fundamental miscarriage

of justice.  *Fama v. Comm'r*  of *Corr. Servs.*, 235 F.3d 804, 809 (2d Cir.

2000); *Garcia v.Lewis*, 188 F.3d 71, 76-77 (2d Cir. 1999); *Levine v.*

*Comm'r of Corr. Servs.*, 44 F .3d 121, 126 (2d Cir. 1995).  Under this

second exception, which is both exacting and intended for the

"extraordinary case, where a constitutional violation has probably resulted

in the conviction of one who is actually innocent[,]" *Murray v. Carrier*, 477

U.S. 478, 496, 106 S. Ct. 2639, 2649 (1986); *see also House v. Bell*, ___

U.S. ___, 126 S. Ct. 2064, 2076-78 (2006); *Lebron v. Mann,* 40 F.3d 561,

564 (2d Cir. 1994), "the principles of comity and finality that inform the

concepts of cause and prejudice 'must yield to the imperative of correcting

a fundamentally unjust incarceration.'"  *Murray*, 477 U.S. at 495, 106 S.

Ct. at 2649 (quoting *Engle v. Isaac,* 456 U.S. 107, 135, 102 S. Ct. 1558,

1576 (1982)).  To establish "cause" sufficient to excuse a procedural

default, a petitioner must show that some objective external factor

impeded his or her ability to comply with the relevant procedural rule.

*Coleman*, 501 U.S. at 753, 111 S.Ct. at 2566-67 (citing *Murray*, 477 U.S.

at 488, 106 S. Ct. at 2645); *Restrepo v. Kelly*, 178 F.3d 634, 639 (2d Cir.

1999) (citing, *inter alia*, *Coleman*).  Examples of such external mitigating

circumstances can include "interference by officials," ineffective

assistance of counsel, or that "the factual or legal basis for a claim was

not reasonably available" at trial or on direct appeal.[7]  *Murray*, 477 U.S. at

488, 106 S.Ct. at 2645.

Smith has failed to establish cause for his failure to exhaust this

claim, and has never argued, in either the state courts or this proceeding,

that his appellate counsel rendered ineffective assistance by failing to

argue in the state courts that he had received ineffective assistance from

his former attorney.  Since Smith has not established cause for his

procedural default, I need not decide whether he suffered actual

_____

[7]

        It should be noted, however, that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753, 111 S.Ct. at 2566-67 (quoting *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645.

prejudice, since federal habeas relief is generally unavailable as to

procedurally defaulted claims unless *both* cause and prejudice is

demonstrated.  *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Staley*

*v. Greiner*, No. 01CIV.6165, 2003 WL 470568, at *7 (S.D.N.Y. Feb. 6,

2003) (citing *Stepney*); *Pou v. Keane*, 977 F.Supp. 577, 581 (N.D.N.Y.

1997) (Kahn, J.).  Additionally, particularly in view of petitioner's failure to

offer any evidence to show his actual innocence of the crime of conviction,

I find no basis to conclude that this court's failure to consider the merits of

this claim would result in a fundamental miscarriage of justice, which has

been interpreted as amounting to "an unjust incarceration."[8]  *Spence*, 219

F.3d at 170.  I therefore recommend that this aspect of Smith's petition be

denied on this procedural basis.[9]

---

[8]     In wholly conclusory fashion, petitioner intimates that while he pleaded guilty
and at the time of entry of his plea admitted the underlying criminal conduct associated
with his plea, he did so only after being intimidated by his attorney's prediction as to
the outcome of a trial, but in fact was actually innocent of the charges.  Such
conclusory, unsupported assertions of innocence are insufficient to trigger the limited
exception to the procedural default bar.  *See Moore v. Greiner*, No. 02 Civ. 6122, 2005
WL 2665667, at *2 (S.D.N.Y. Oct. 19, 2005).

[9]     I note that the while respondent contends that this claim is unexhausted, he
does not also argue that it is procedurally barred, instead arguing that it transforms
Smith's petition into one which contains a mixture of exhausted and unexhausted
claims, and in any event the effective assistance of counsel claim is patently frivolous.

## IV.   SUMMARY AND RECOMMENDATION

With the assistance of counsel, petitioner entered a plea to one but not all of the pending and potential additional charges against him, acknowledging both the rights being relinquished as a result of the plea and his culpability for the criminal acts alleged forming the basis for his conviction.  The state court's determination that petitioner's plea was knowing, voluntary and intelligent when entered, viewed through the deferential lens superimposed under the AEDPA, is neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.  To the extent the petitioner contends that he should have been allowed to withdraw his plea, on motion made by his new attorney, and that a hearing should have been held to address that request, no

_____

See Dkt. No. 12, at 2-3.  Although a district court can raise, *sua sponte*, a petitioner's failure to exhaust and a procedural default as a basis for the denial of federal habeas relief, *see, e.g.*, *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000) (citing, *inter alia*, *United States v. Vincent*, 507 F.2d 1309, 1312 (2d Cir. 1974)), the Second Circuit has held that before dismissing a habeas claim on procedural grounds on its own initiative, a district court must afford the petitioner notice of its intention to dismiss the claim on a procedural basis and an opportunity to be heard.  *Acosta*, 221 F.3d at 124-26. Accordingly, if petitioner believes that his claim relating to the effectiveness of his counsel's assistance has not been procedurally forfeited, he should raise this contention in timely-filed objections to this report and recommendation.

27

federal right is implicated in view of the finding that his plea was knowing,

voluntary and intelligent when entered, and there is no other basis

presented to conclude that an injustice has occurred.  Petitioner's claim

that the assistance received from his retained trial counsel fell below the

constitutionally mandated floor imposed by the Sixth Amendment, and as

illuminated in such cases as *Strickland v. Washington*, 466 U.S. 668, 104

S. Ct. 2052 (1984), has not been fairly presented to the state courts and,

because the time for doing so has passed, is procedurally forfeited.

Based upon the foregoing, it is hereby

RECOMMEND that Smith's petition be DENIED and DISMISSED in

its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within

which to file written objections to the foregoing report.  Such objections

shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS

REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*,

984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties electronically.

Dated:     October 17, 2006
           Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\ISSUES\habeas corpus\guilty plea\smith.wpd